[Civ. No. 294.   Second Appellate District.—December 5, 1906.]

## P. S. BERGER and C. W. QUACKENBUSH, Appellants, v. WILLIAM JUSTICE et al., Respondents.

Mandamus—Additional Water Rate to Replace Worn-out Pipe—Discretion of Supervisors—Ground of Refusal Immaterial.—Where an ordinance is in force fixing water rates, *mandamus* will not lie to control the discretion of the supervisors in refusing to fix an additional rate to enable the water company to replace worn-out pipe with new pipe. Such refusal being within their jurisdiction, the ground on which they base their action is entirely immateral.

APPEAL from a judgment of the Superior Court of San Diego County. E. S. Torrance, Judge.

The facts are stated in the opinion of the court.

A. Haines, and Haines & Haines, for Appellants.

Cassius Carter, District Attorney, and L. A. Wright, for Respondents.

GRAY, P. J.—This action is brought to obtain a writ of mandate directing the board of supervisors of the county of San Diego to act upon the merits of a petition asking said board to fix a rate for the use of water for irrigation, in addition to that established by a former ordinance of the board, adopted November 16, 1897, and already in force; the proceeds of the additional rate to be used only in the repayment of the cost of the necessary replacement by new pipe of worn-out pipe in the water system of the Sweetwater Water Company, a corporation, which had devoted its system to the sale and distribution of water. The court below sustained a demurrer to the petition for the writ of mandate, and the plaintiffs in said petition appeal from the judgment which followed.

It appears from the petition that the plaintiffs herein are inhabitants and taxpayers of said county and are consumers of water for irrigation under said system, and are owners of irrigation easements thereunder annexed to the land owned by them; that the Sweetwater Water Company, a corporation, is engaged in the business of collecting and impounding the water to be distributed and holds the title to the water system. The petition to the board of supervisors was made by the corporation and by some twenty-five persons who describe themselves as irrigators in said county under the said system. Upon the hearing of the petition the board refused and declined to act upon the same, and embodied their action in the following resolution entered upon their record: "On motion of Supervisor Griffin, seconded by Supervisor Justice, it is ordered that the petition in this matter be denied without prejudice, on the ground that the petition asks for replacement of old worn-out pipe with new pipe, it appearing that such replacement constitutes reconstruction for which the law makes no provision."

While the foregoing order may be said to be, in one sense, a refusal to act, yet it is equally true that the effect of it was to fix the former water rate as the established, continuing rate for which water should in the future be furnished; and in this sense it was an affirmative exercise of the jurisdiction of the board of supervisors under the statute, and not a mere refusal to act. The ground upon which they base

their action is entirely immaterial. They refused to add to the established rate, and by this act re-established the rate at its former figure, where it is to remain until some future action may be taken on their part changing the same. This, in our judgment, is a clear exercise of their jurisdiction in the premises and the action taken is a matter within their jurisdiction. The power of the board of supervisors in the premises being judicial, the courts cannot, on an application for a writ of mandate, direct or control the affirmative action of the board of supervisors taken within their said jurisdiction. The only thing the appellants are complaining of is that the board did not add to the original rate an amount sufficient to cover the cost of replacement of old worn-out pipe with new pipe. Whether they should do this or not was a matter clearly within their discretion under the statute. They have refused, and on an application for a writ of mandate the courts have no power to control their discretion. Such is not the office of the writ of mandate. The writ issues only to "compel the performance of an act which the law specially enjoins as a duty resulting from an office." (Code Civ. Proc., sec. 1085.) The only act enjoined by law upon the board of supervisors is to fix the rate. They had already fixed the rate, and in a more recent proceeding, in effect, ordered that the rate should remain as so formerly fixed.

For these reasons, we think the demurrer to the petition was properly sustained. The judgment is, therefore, affirmed.

Allen, J., and Smith, J., concurred.